UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF BRIAN WARE,<br><br>        Plaintiff,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>        Defendant. | C17-1720 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Allstate's Motion for Partial Summary Judgment, docket no. 15 (the "Motion"), is GRANTED. Under Washington choice of law rules, *See Bush v. O'Connor*, 58 Wn. App. 138, 143–45 (1990), South Dakota law applies to whether the Estate of Brian Ware (the "Estate") is "legally entitled to recover" from the underinsured motorist ("UIM") under the UIM policy in question. *See* Exhibit A to the Declaration of Michelle Welch, docket no. 17-1 (the "UIM Policy"), at 12. The purpose of UIM coverage is to place the insured in the same position as if a tortfeasor carried adequate liability insurance. *Wood v. Mutual of Enumclaw Ins. Co.*, 97 Wash. App. 721, 726 (1999). An injured party is not entitled to be put in a better position by having been struck by an uninsured motorist as opposed to an insured motorist. *Dayton v. Farmers Ins. Grp.*, 124 Wn.2d 277, 281 (1994). As a result, the Estate's rights under the Policy will be governed by what it is "legally entitled to recover" under South Dakota law. *See State Farm Mut. Auto. Ins. Co. v. Fernandez*, 582 F. Supp. 1283, 1286–87 (D. Haw. 1984), *aff'd*, 797 F.2d 1299 (9th Cir. 1985) (the term "legally entitled to recover damages" refers only to liability disputes, not coverage disputes).

MINUTE ORDER - 1

(2) The Estate's claim for violation of the Insurance Fair Conduct Act (IFCA), *see* Amended Complaint, docket no. 11, at ¶¶ 5.1–5.3, is dismissed with prejudice. *See Madera West Condo. Ass'n v. First Specialty Ins. Corp.*, No. C12–0857–JCC, 2013 WL 4015649, at *4 (W.D. Wash. Aug. 6, 2013) (Coughenour, J.) (compliance with the statutory notice provision of RCW 48.30.015(8)(a) to give notice to both the insurer and the State Insurance Commissioner, is a condition precedent to an IFCA lawsuit); *MKB Constructors v. Am. Zurich Ins. Co.*, 49 F. Supp. 3d 814, 840 (W.D. Wash. 2014).

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 1st day of June, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk
